02-10-003-CV
















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-10-003-CV

 

 


 
 
 GAYLEN M. BROTHERSON, JUDY K. BROTHERSON,
 RYAN DURANT, SAM MURANTE, MICHAEL WILCOX, AND GENE WILCZEWSKI
 
 
  
 
 
 APPELLANTS
 
 


                                                                                                                             

V.

 


 
 
 SPRINGBROOK APARTMENTS, LTD., A LOUISIANA
 LIMITED PARTNERSHIP
 
 
  
 
 
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM THE 348TH
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          

 

I. 
Introduction

This is an interlocutory appeal by
Appellants Gaylen M. Brotherson, Judy K. Brotherson, Ryan Durant, Sam Murante,
Michael Wilcox, and Gene Wilczewski from the trial court=s
order denying their special appearances. 
In connection with its special appearance ruling, the trial court signed
findings of fact and conclusions of law. 
The trial court ruled, based on the facts it found, that Appellants=
special appearances were denied based on the doctrine of judicial estoppel.  For the reasons set forth below, we will
affirm the trial court=s ruling.

II.  Procedural
Background and Findings of Fact

Appellee Springbrook Apartments,
Ltd., a Louisiana limited partnership, originally sued Appellants and others in
Maricopa County Superior Court in Arizona (the Arizona Action).  All Appellants filed motions to dismiss in
the Arizona Action, alleging that pursuant to a contractual venue selection
provision, Appellee should have brought suit against them in Tarrant County,
Texas.  The Arizona court dismissed the
Arizona Action, and Appellee filed suit against Appellants in Tarrant County,
Texas.  Appellants then filed special
appearances in the Tarrant County suit contending that they were not subject to
personal jurisdiction in Texas.

At the special appearance hearing,
the Tarrant County trial court had before it the reporter’s record from a
hearing on Appellants’ motion to dismiss the Arizona Action.  In findings of fact, the trial court found
that Appellee=s claims against Appellants were based
on a Surplus Cash Note that was signed by Defendants Tapestry Group, Inc. and
by Tapestry Springbrook, LLC; that Appellants are the principal and sole
officers, members, and agents of Tapestry and Tapestry Springbrook and
unilaterally control both entities; that Appellee alleged claims against
Appellants for alter ego, breach of the Surplus Cash Note, fraud, and negligent
misrepresentation; that Appellee originally filed this lawsuit in Maricopa
County Superior Court in Arizona; that Appellants (Gaylen M. Brotherson, and
Judy K. Brotherson) filed a motion to dismiss the Arizona Action based on a
venue selection clause in the Surplus Cash Note or, alternatively, on forum non
conveniens; that the remaining Appellants––Ryan Durant, Sam Murante, Michael
Wilcox, and Gene Wilczewski––filed their own motion to dismiss the Arizona
Action asserting the same grounds for dismissal; that the venue selection
clause upon which all Appellants based their motion to dismiss designates
Tarrant County, Texas, as the proper venue; that at the hearing in Arizona on
all Appellants= motions to dismiss the Arizona Action,
they were represented by the same counsel; and that at the hearing on
Appellants= motions to dismiss, Appellants=
counsel expressly maintained and argued that Appellee’s claims against Appellants
should have been brought in Tarrant County, Texas. 

Specifically, the trial court made the following
findings of fact:

11.     In the
Arizona Action, the Individual Defendants expressly maintained that the
lawsuit––which expressly included the claims asserted against them in this
case, including the claim for alter ego—should have been brought in Tarrant
County, and they asked the Arizona court to dismiss the claims against them as
a result.  At the hearing [on the motions
to dismiss, Appellants= counsel]
argued, “Indeed if there was no dispute as to the payment on the promissory
note, there would be no claim for alter ego. 
There would be no claim for conversion. 
There would be no claim for fraud. 
There would be no claim for negligent misrepresentation.  That means all of these claims are
related to the underlying contract, which in turn means that the venue
selection clause applies with equal force to the tort claims that have been
alleged in this case.”

12.     At the
hearing, [Appellants= counsel]
argued that, pursuant to the terms of the Surplus Cash Note, all of the claims
alleged by [Appellee] Ashould
have been brought in Tarrant County, Texas.@

13.     [Appellants=
counsel] argued that Tarrant County, not Maricopa County, was the proper venue
for the lawsuit, making no distinction between the claims against Tapestry and
Tapestry Springbrook, on the one hand, and those against the individual
Defendants [that is, Appellants], on the other hand.

14.     [Appellants=
counsel] specifically represented to the Arizona court that Aif
the lawsuit goes forward as it=s
supposed to in Tarrant County, Texas, the Defendants are likely to hire counsel
in Tarrant County, Texas . . . . [Appellants= counsel]
also argued that the Defendants “benefit from having a Texas court decide this
matter” and that all of Plaintiff’s claims “should have been brought in Tarrant
County, Texas,” and he asked the Arizona court to “let the parties proceed as
they originally agreed in Tarrant County, Texas.” 

15.     At no time did [Appellants’ counsel]
suggest to the Arizona court that some of the parties –– namely the Individual
Defendants –– had not actually agreed to the claims against them proceeding in
Tarrant County, or that once Plaintiff brought its claims in the “proper”
forum, those Defendants would object to that forum as well.  Similarly, in their briefing in the Arizona
Action, the Defendants made no distinctions as between the corporate entities
and the Individual Defendants or as among the various claims asserted.

16.     At the hearing on Defendants’ Motions to
Dismiss in the Arizona Action, Plaintiff’s counsel . . . argued vigorously that
the Motions to Dismiss should be denied and that the case should remain in
Arizona.  In doing so he expressly
questioned the Defendants’ motives for arguing for venue in Texas and asking the
Arizona court to dismiss the case –– “Why do they even want to go to
Texas?  They don’t want to be in
Texas.  They’re doing this to stall to
further perpetrate the fraud that they started when they didn’t want to pay us
a year ago when they should’ve.”

17.     The Arizona court sided with the
Defendants, deciding at the hearing to grant the Defendants’ Motions to Dismiss
based on the venue selection provision. . . . 

18.     The Arizona court dismissed the case based
on its understanding that all the parties had an unambiguous agreement to
litigate the case in Tarrant County, Texas, and that all the parties were going
to do so.

19.     Following the dismissal of the Arizona
Action, Plaintiff did exactly what all the Defendants had asked –– it sought to
“let the parties proceed as they originally agreed in Tarrant County, Texas.”

20.     In the Special Appearance, the Individual
Defendants assert that the case cannot proceed in Tarrant County because all
claims against them should be dismissed for want of personal jurisdiction.

21.     The Individual Defendants previously argued
successfully that the Arizona Action should be dismissed because the case could
properly proceed only in Tarrant County.

22.     Thereafter, the Individual Defendants
claimed that the case against them brought in Tarrant County should be
dismissed because of a lack of personal jurisdiction.

23.     The position adopted by the Individual
Defendants in their Special Appearance is not consistent with the position they
successfully took in the Arizona Action.

24.     The Individual Defendants seek to require
Plaintiff to bring another lawsuit against them in another jurisdiction when
they previously asserted without qualification that the case should proceed in
Tarrant County.

25.     The Individual Defendants would gain an unfair
advantage over the Plaintiff if they were not judicially estopped from arguing
that this Court has no personal jurisdiction over them.

26.     The Individual Defendants’ Special
Appearance is overruled to prevent them from abusing the judicial process and
insulting the integrity of the judiciary. [Emphasis added.]   

 

III. 
Appellants Are Judicially Estopped From Claiming That The Trial Court
Does Not Have Personal Jurisdiction Over Them

 

          In a
single issue on appeal, Appellants argue that the trial court erred by denying
their special appearances.  Appellants challenge
the sufficiency of the evidence to support the trial court’s findings of fact
and argue that they “did not make a deliberate, clear[,] and unequivocal
statement in a prior proceeding consenting to Texas[’s] personal jurisdiction
in their individual capacities.”  Appellants
claim that when their counsel argued their motions to dismiss the Arizona
Action, his use of the word “parties” referred to the parties to the Surplus
Cash Note, not to the parties sued by Appellee in the Arizona Action. 

          A.      Standards
of Review[2]

          Findings of fact entered in a case tried to the court have
the same force and dignity as a jury’s answers to jury questions.  Anderson v. City of Seven Points, 806
S.W.2d 791, 794 (Tex. 1991).  The trial
court’s findings of fact are reviewable for legal and factual sufficiency of
the evidence to support them by the same standards that are applied in
reviewing evidence supporting a jury’s answer. 
Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).

          We may sustain a legal sufficiency challenge only when (1)
the record discloses a complete absence of evidence of a vital fact; (2) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (3) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (4) the evidence establishes
conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error, 38
Tex. L. Rev. 361, 362–63 (1960).  In
determining whether there is legally sufficient evidence to support the finding
under review, we must consider evidence favorable to the finding if a
reasonable factfinder could and disregard evidence contrary to the finding
unless a reasonable factfinder could not. 
Cent. Ready Mix Concrete Co. v. Islas, 228 S.W.3d 649, 651 (Tex.
2007); City of Keller v. Wilson, 168 S.W.3d 802, 807, 827 (Tex. 2005).

          When reviewing an assertion that the evidence is factually
insufficient to support a finding, we set aside the finding only if, after
considering and weighing all of the evidence in the record pertinent to that
finding, we determine that the evidence supporting the finding is so weak, or
so contrary to the overwhelming weight of all the evidence, that the answer
should be set aside and a new trial ordered.  Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex. 1986) (op. on reh’g); Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965); In re King’s Estate, 150 Tex. 662, 664–65, 244 S.W.2d 660,
661 (1951).

          B.      Law
on Judicial Estoppel

          Judicial
estoppel precludes a party who successfully maintains a position in one
proceeding from afterwards adopting a clearly inconsistent position in another
proceeding to obtain an unfair advantage. 
Ferguson v. Bldg. Materials Corp.
of Am., 295 S.W.3d 642, 643 (Tex. 2009) (citing Pleasant Glade Assembly of God v. Schubert, 264 S.W.3d 1, 6 (Tex.
2008)).  The doctrine is not intended to
punish inadvertent omissions or inconsistencies but rather to prevent parties
from playing fast and loose with the judicial system for their own benefit.  Id.
(citing Schubert, 264 S.W.3d at
7).  The elements of judicial estoppel
are (1) a sworn, prior inconsistent statement made in a prior judicial
proceeding; (2) the successful maintenance of the contrary position in the
prior action; (3) the absence of inadvertence, mistake, fraud, or duress in the
making of the prior statement; and (4) the statement was deliberate, clear, and
unequivocal.  DeWoody v. Rippley, 951 S.W.2d 935, 944 (Tex. App.––Fort Worth
1997, writ dism’d by agr.).

          C.      Analysis

          As
previously mentioned, at the hearing in Tarrant County on Appellants’ special
appearances, Appellee offered, and the trial court admitted into evidence, the reporter’s
record from the hearing in Arizona on Appellants’ motions to dismiss the
Arizona Action.  That record reveals that
the same attorney represented all of the defendants––both the individuals (who
are Appellants here) and corporate entities––in the Arizona Action.  When counsel argued the defendants’ motions
to dismiss the Arizona Action, he bound them to the legal position that he
expressed, which was that the parties agreed that jurisdiction over all
claims––including the tort and the alter ego claims––was proper in Tarrant
County, Texas, based on the venue selection provision in the Surplus Cash Note.  See
Goldman v. White Rose Distrib. Co., 936 S.W.2d 393, 398 (Tex. App.––Fort
Worth 1996), vacated pursuant to settlement,
949 S.W.2d 707 (Tex. 1997) (stating that counsel’s statements can bind the
client to that legal position).  The
Arizona court accepted counsel’s articulation of the defendants’ position and
held that the language of the Surplus Cash Note unambiguously provided that
“[a]ll legal actions involving the validity or enforcement of this note shall
have jurisdiction and venue in Tarrant County, Texas.”  The Arizona court thus dismissed the Arizona
Action.  When Appellee (the plaintiff in
the Arizona Action) then filed suit in Tarrant County, Appellants filed special
appearances, arguing that the Tarrant County district court did not have personal
jurisdiction over them; Appellants thus took a position clearly inconsistent
with their position in the Arizona Action.

Appellants now attempt to argue that
the position articulated by their counsel in the Arizona Action––that the
parties agreed that jurisdiction over all claims was proper in Tarrant County,
Texas––was somehow inadvertent because counsel’s use of the word “parties” referred
to the parties to the Surplus Cash Note, not to the parties to the lawsuit.  The record from the hearing in Arizona on
Appellants’ motions to dismiss, however, reflects no inadvertence or equivocation
in Appellants’ counsel’s argument that “all of these claims,” which necessarily
includes claims asserted against Appellants in their individual capacities, are
subject to the Surplus Cash Note’s venue selection provision.  The record does not reveal any mistake,
fraud, or duress by or on Appellants’ counsel in the making of the pertinent
statements to judge in the Arizona Action. 
To the contrary, Appellants’ counsel’s statements to the judge in the
Arizona Action––that the parties had agreed to litigate the suit in Tarrant
County, Texas, and which were made to secure dismissal of the Arizona Action––were
deliberate, clear, and unequivocal.  The trial
court’s findings of fact supporting its conclusions of law that Appellants are
judicially estopped as a matter of law from asserting that the Tarrant County district
court lacked personal jurisdiction over them are supported by much more than a
scintilla of evidence and the evidence the evidence supporting the findings is not
so weak or so contrary to the overwhelming evidence that they should be set
aside.  See Horsely-Layman v. Adventist Health Sys./Sunbelt, Inc., 221
S.W.3d 802, 808 (Tex. App.––Fort Worth 2007, pet. denied) (holding that
appellant’s nondisclosure of her malpractice claim prior to discharge from
bankruptcy precluded her subsequent assertion of claim because she had taken position
in bankruptcy court that all claims had been disclosed); Charles Brown, L.L.P. v. Lanier Worldwide, Inc., 124 S.W.3d 883,
900 (Tex. App.––Houston [14th Dist.] 2004, no pet.) (holding that elements of
judicial estoppel doctrine were satisfied when law firm unequivocally
represented itself in its sworn petition in county court as the party involved
in the dispute with Lanier but later attempted to contradict that statement in
the district court action); Goldman,
936 S.W.2d at 398 (holding that company was judicially estopped from asserting
that former company president was not entitled to distribution of monies
because company’s attorney took opposite position in prior lawsuit); see also Dominey v. The Unknown Heirs &
Legal Representatives Of Lokomski, 172 S.W.3d 67, 73 (Tex. App.––Fort Worth
2005, no pet.) (holding that trial court’s finding that decedent did not
abandon property was supported by legally and factually sufficient evidence); McLaughlin v. Northstart Drilling Techs.,
Inc., 138 S.W.3d 24, 29 (Tex. App.––San Antonio 2004, no pet.) (holding
that findings of fact were supported by legally and factually sufficient
evidence).

IV. 
Conclusion

          Having
overruled Appellants’ sole issue, we affirm the trial court’s order denying
Appellants’ special appearances.

 

                                                                             SUE
WALKER

                                                                             JUSTICE

 

PANEL:  DAUPHINOT,
WALKER, and GABRIEL, JJ.

 

DELIVERED:  September 30, 2010











[1]See Tex. R. App. P. 47.4.

 





          [2]As set
forth in its findings of fact and conclusions of law, the trial court denied
Appellants’ special appearances because it determined that Appellants were
judicially estopped from asserting that they are not subject to the Tarrant
County trial court’s jurisdiction. 
Consequently, because this independent basis for the trial court’s
ruling is not based on the merits of Appellants’ special appearances, we need
not and do not set forth the merits-based special appearance standards of
review.  The only issue before us is
whether the trial court’s findings of fact concerning judicial estoppel are
supported by legally and factually sufficient evidence.